UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO STATE SNOWMOBILE ASSOCIATION; and THE BLUERIBBON COALITION,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES FOREST SERVICE; U.S. FOREST SERVICE, Northern Region; CLEARWATER NATIONAL FOREST; FAYE KRUGER; Regional Forester, Northern Region; RICK BRAZELL, Forest Supervisor, Clearwater National Forest,<br><br>　　　　　　Defendants. | Case No. 3:12-CV-447-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to complete and supplement the Administrative Record. The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion in part, allowing Plaintiffs to take some limited discovery but not deciding at this point whether any of the material uncovered in that discovery will be added to the Administrative Record.

## LITIGATION BACKGROUND

Plaintiffs Idaho State Snowmobile Association and The Blueribbon Coalition represent motorized recreationists. They have sued the Forest Service, challenging the

**Memorandum Decision & Order – page 1**

2012 Clearwater National Forest Travel Plan. That Travel Plan restricts the use of motorized vehicles within recommended wilderness areas of the Clearwater National Forest.

Plaintiffs allege that the Forest Service, in drafting the Travel Plan, applied a policy created by the Forest Service's Northern Region to manage recommended wilderness areas ("RWA"). Plaintiffs allege that this policy – which they call the "Northern Region RWS Policy" – was never discussed in the Administrative Record but played a crucial role in the Forest Service's decision to restrict motorized travel in the Travel Plan. The Plaintiffs now seek to expand the record before the Court to include material regarding the Northern Region RWS Policy, and they challenge that Policy as well as the Travel Plan in this lawsuit.

Prior to filing the motion now before the Court, Plaintiffs asked the Forest Service for any documents regarding this Policy, and the Forest Service provided 17 documents. Plaintiffs' counsel asked for a further search. In response, the Forest Service tasked Peter Zimmerman, a Litigation Specialist in the Northern Region office, to do a search for the documents requested by Plaintiffs. *See Zimmerman Declaration (Dkt. No. 28-6)* at ¶¶ 1-3. In his search, Zimmerman was assisted by 3 other persons from the Northern Region Office and 6 persons from the Forest Service's Washington D.C. Office. *Id.* at ¶¶ 2-3. They were able to find 6 more documents for a total of 23. Without waiving any objection to expanding the Administrative Record, the Forest Service has no objection to the Court considering these 23 documents, and the Court will accordingly do so.

**Memorandum Decision & Order – page 2**

Plaintiffs argue that they are entitled to an Order by this Court that the Forest Service conduct a further search for documents and, thereafter, that some limited discovery be authorized. The Forest Service responds that the Administrative Record is complete and should not be expanded. The Court will resolve this dispute after reviewing the legal standards governing the Administrative Record.

## LEGAL STANDARDS

In reviewing agency decisions under the APA, judicial review is typically limited to the administrative record already in existence, "not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). A court may consider allowing supplementation of the administrative record in four limited circumstances: (1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir.2010). These exceptions are narrowly construed:

> The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general rule. Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency process, expertise, and decision-making.

*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir.2005). While courts rarely invoke these exceptions, there are instances in which courts "provide limited discovery

when serious gaps would frustrate challenges to the agency's action." *Pub. Power Council v. Johnson,* 674 F.2d 791, 793 (9th Cir.1982). Nonetheless, "[w]hen there is a need to supplement the record to explain agency action, the preferred procedure is to remand to the agency for its amplification." Id. at 794. Indeed, "remand to the agency may satisfy the request for expanding the record in most cases." Id. at 795.

In this case, the Plaintiffs are alleging that the Forest Service considered material outside of the administrative record. In similar circumstances, the Ninth Circuit in *Johnson* allowed limited discovery. There, plaintiffs alleged that the agency relied on "various memoranda and notes" that were not contained in the Administrative Record. *Id.* at 794. The Circuit held that (1) plaintiffs' claims were not "frivolous"; (2) remand to the agency would serve no purpose; (3) limited discovery – two depositions and some documentary discovery – would give the plaintiffs an opportunity to determine if the "memoranda and notes" were actually used by the agency; and (4) the decision on whether to expand the record would not be made until after the discovery was completed. *Id.* at 795.

*Johnson* provides a blueprint for this Court to resolve the present dispute. Plaintiffs' claims are not frivolous and it is only just to allow them some opportunity to determine if a "Northern Region RWA Policy" existed and was considered by the Forest Service in drafting the Travel Plan. The Forest Service has already searched for documents, and so, like *Johnson,* a remand would serve little purpose and some limited discovery would be appropriate.

The Plaintiffs have not proposed a discovery plan, and the Court will direct them to do so. To give some guidance to Plaintiffs, the Court will analyze the search the Forest Service has already done in light of the discovery to which Plaintiffs are entitled under *Johnson*.

Plaintiffs are entitled to have the Forest Service search for documents concerning (1) the existence of a Northern Region RWA Policy, and (2) whether that Policy was considered in the drafting of the Travel Plan. The Court commends the Forest Service for conducting a search for documents in response to Plaintiffs' request. It is not clear, however, that the search was broad enough to cover the two areas listed above.

For example, Plaintiffs are entitled to have the Forest Service search for documents concerning the existence of the Policy. On this issue, the Forest Service's Litigation Specialist, Zimmerman, states that "the search focused on questions asked by Plaintiffs' counsel related to Exhibits 1, 8, and 17 of the Declaration of Paul Turcke (ECF No. 27) . . . ." *See Zimmerman Declaration (Dkt. No. 28-6)* at ¶ 2. From this description, the search looked for documents to answer specific questions posed by counsel regarding three exhibits – it was not the broader search to which Plaintiffs are entitled, a search for documents concerning the existence of the Policy.

Zimmerman also noted that the Forest Service searched for documents "related to communication between" the Region and the line officers. That is certainly a helpful search but is not broad enough to encompass all documents concerning whether the Policy was considered in drafting the Travel Plan.

Under *Johnson,* Plaintiffs are entitled to propose a limited discovery plan that is focused on uncovering evidence, if any, of the existence of the Policy and its use in the Travel Plan. An appropriate discovery plan might contain proposed search terms for a further document search by the Forest Service and, if necessary, a proposal to take a deposition or two of specific Forest Service personnel.

The Court will direct Plaintiffs to propose such a discovery plan. After allowing a response by the Forest Service, the Court will determine what discovery will be allowed. Finally, the Court will follow *Johnson* and not decide at this time whether any material uncovered in this discovery shall be considered in this case. That decision will await the results of the discovery and a further round of briefing by the parties.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to complete and supplement the administrative record (docket no. 25) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent that (1) it asks the Court to consider the 23 documents provided by the Forest Service, and (2) it requests authorization to propose a discovery plan governing discovery limited to the issue whether a Northern Region RWA Policy exists and was considered by the Forest Service in drafting the 2012 Clearwater National Forest Travel Plan. It is denied in all other respects.

IT IS FURTHER ORDERED, that the Plaintiffs shall file a discovery plan within ten (10) days from the date of this decision that (1) contains a proposal for taking a few

**Memorandum Decision & Order – page 6**

depositions and conducting some limited documentary discovery concerning the issue set forth above. The Forest Service shall file a response within ten (10) days after receipt of the Plaintiffs' discovery plan. The Court will review the material and determine how discovery shall proceed.

DATED: March 12, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court